UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR B. PERKINS,

        CASE NO. 04-CV-75095-DT
        HON. LAWRENCE P. ZATKOFF

    Plaintiff,

vs.

DENNIS ROY,
U.S. Probation Officer,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 23, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Docket #11). Defendant did not file a response to Plaintiff's Motion for Summary Judgment, but Defendant filed a Motion to Dismiss Complaint (Docket #13) and subsequently filed a Supplemental Motion to Dismiss. Plaintiff has responded to the Defendant's Motion to Dismiss by filing a Motion to be Compensated, to which the Defendant has responded. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that all of the motions be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED. Accordingly, Plaintiff's Motion for Summary Judgment and Motion to be Compensated are hereby DISMISSED AS MOOT.

## II. BACKGROUND

In 1989, Plaintiff was convicted in the Eastern District of Michigan of violating 18 U.S.C. § 871(a) for issuing a threat against President Ronald Reagan. Plaintiff was sentenced to a term of imprisonment and a period of supervised or conditional release. While on supervised release following his sentence, Defendant, a United States Probation Officer in Bay City, Michigan, made representations pursuant to which the United States moved in district court to revoke Plaintiff's conditional release (i.e., Defendant believed Plaintiff had violated the terms of his supervised release). Ultimately, Plaintiff's conditional release was revoked and he was remanded into custody for a two-year period. The revocation of his conditional release subsequently was overturned by the Fourth Circuit Court of Appeals for failure of the district court to make certain findings at the time Plaintiff's conditional release was revoked and the Fourth Circuit remanded the case to the district court to conduct a new hearing.

In the present action, Plaintiff has filed a complaint titled "Allegations of a Wrongful Violation and Imprisonment under Title 18, United States Code, section 4246(f) Pursuant to Title 28 U.S.C., section 1343." In essence, Plaintiff has brought an action against Defendant, in his official capacity, for the two years of wrongful imprisonment. He seeks damages of $1,200/day for such imprisonment, as well as punitive damages of $2,400/day for such imprisonment.

## III. OPINION

As Plaintiff has sued Defendant in his official capacity, this case must be considered an action against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Dugan v. Rank*, 372 U.S. 609, 620 (1963). It is well established that the United States is immune as a sovereign from a suit for money damages unless it has waived unequivocally such immunity. *See e.g., Blakely v. U.S.*, 276 F.3d 853, 864 (6th Cir. 2002).

Plaintiff has brought this action pursuant to 28 U.S.C. § 1343. Federal courts have repeatedly and uniformly held that § 1343(a) grants jurisdiction to federal district courts for cases

alleging civil rights violations, however, they have also repeatedly and uniformly held that § 1343(a) does not constitute a waiver of sovereign immunity of the United States. *See, e.g., Salazar v. Heckler*, 787 F.2d 527, 528 (10th Cir. 1986); *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972); *Zhu v. United* States, 2005 WL 1378914 (D.D.C.); Andrews *v. Martinez*, 2002 WL 31368850 (S.D. Ohio); *Chang v. Shin*, 2002 WL 1299873 (C.D. Cal.); *Gadsden v. U.S. Postal Serv.*, 1995 WL 758775 (S.D.N.Y.); *Brian v. Gugin*, 853 F.Supp. 358, 363 (D.Idaho 1994); *aff'd* 46 F.3d 1138 (9th Cir. 1995)(table); *Royer v. I.N.S.*, 730 F.Supp. 588, 590 (S.D.N.Y. 1990); *Byrd v. Smith*, 693 F.Supp. 1199, 1201 (D.D.C. 1986); *Garcia v. United States*, 538 F.Supp. 814 (1982). This Court agrees with the conclusion reached by such courts. There is no indication in the language of the statute itself or the legislative history behind the statute that evidences an intention of Congress to waive sovereign immunity of the United States in enacting § 1343(a). This Court therefore holds that the Defendant is immune from liability in this action and, accordingly, this Court lacks subject matter jurisdiction over Plaintiff's action.

For the reasons set forth above, the Court finds that the Plaintiff has failed to plead a case under which the Defendant can be held liable for the claims raised by Plaintiff. Accordingly, the Court hereby GRANTS Defendant's Motion to Dismiss.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2005

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 23, 2005.

                                                   s/Marie E. Verlinde
                                                 Case Manager
                                                 (810) 984-3290

S:\Zatkoff\Marie ECF\perkins.wpd